IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RYAN DOUGLAS GREENFIELD,

        Petitioner,        Civil No. 08-1126-AA

        v.                   ORDER

MARK NOOTH,

        Respondent.

AIKEN, District Judge.

    Petitioner is in the custody of the Oregon Department of Corrections pursuant to a Judgment dated April 25, 2005, from Washington County Circuit Court Case No. C042986CR after convictions for Kidnapping in the Second Degree, Strangulation, Assault in the Fourth Degree, Reckless Driving, Attempt to Elude Police with a Vehicle, Recklessly Endangering Another Person and two counts of Driving Under the Influence of Intoxicants. Exhibit 101. After petitioner pled guilty to the above listed crimes, the court imposed 68 months and 15 days' imprisonment for the count of Kidnapping in the Second Degree. For all other counts petitioner was sentenced to 6

1 - ORDER

months in the custody of the Washington County Supervisory Authority, to be served concurrently.

Petitioner did not directly appeal his convictions.

Petitioner filed a First Corrected Amended Formal Petition for Post-Conviction Relief in *Greenfield v. Hill*, Malheur County Circuit Case No. 05114756M. The court modified the Judgment of Conviction, but otherwise denied relief. Exhibit 131. The Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. Exhibits 132-136.

Petitioner filed an (amended) petition under 28 U.S.C. § 2254 alleging:

> Ground One: Insufficient Evidence to find Petitioner guilty of the crime of Kidnapping in the Second degree; Ineffective assistance 6th and 14th Amendments U.S. Constitution.
> Supporting Facts: [a] The crime of kidnapping in the second degree contains element which did not exist in the actions of Petitioner and [b] Petitioner's attorney failed to investigate and advise Petitioner of this.
>
> Ground Two: Ineffective Assistance of Counsel in violation of the 5th, Sixth and 14th Amendments U.S. Constitution.
> Supporting Facts: [a] Petitioner's Counsel failed to adequately investigate the facts surrounding the case; [b] failed to raise issues concerning prosecutorial misconduct; [c] did not properly advise petitioner of what he was waiving when he waived his right to trial; and [d] improperly advised Petitioner on what constituted his plea.

Amended Petition (#20) p. 6-7.

Petitioner's Ground One fails to state a claim cognizable under 28 U.S.C. § 2254 because it does not allege specific violations of the Constitution, or any other body of federal

2 - ORDER

law. See, Estelle v. McGuire, 502 U.S. 62, 67 (1991); Wainwright v. Goode, 464 U.S. 78, 83 (1983). Assuming this deficiency could be cured by amendment, Ground One is nevertheless denied for the reasons set forth below.

A state prisoner must exhaust all available state remedies either on direct appeal or through collateral proceedings (eg. state post-conviction relief) before a federal court may consider federal habeas corpus relief. 28 U.S.C. § 2254(b)(1); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Coleman v. Thompson, 501 U.S. 722 (1991) [requiring dismissal of federal petition unless all available state remedies as to all federal claims are exhausted]. The essence of the requirement is that no state remedy exists at the time the petition was filed. Rose v. Lundy, 455 U.S. 509 (1982). A prisoner satisfies the exhaustion requirement by "fairly presenting" his claims to the highest state court with jurisdiction to consider them, thereby affording the state courts the opportunity to consider the allegations of legal error and correct any violations of its prisoner's federal rights. Baldwin v. Reese, 541 U.S. 27, 29 (2004)(citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). In Oregon, this requirement is satisfied when the claim is fairly presented to the state supreme court. Peterson v. Lampert, 319 F.3d 1153, 1156 (9th Cir. 2003).

A prisoner fairly presents his claims by describing in the state court proceeding both the operative facts and the

3 - ORDER

legal theory on which his claim is based. Id., Anderson v. Harless, 459 U.S. 4 (1982); Guizar v. Estelle, 843 F.2d 371 (9th Cir. 1988); Tamapua v. Shimoda, 796 F.2d 261, 262 (9th Cir. 1986). The claim must be specifically characterized in the state proceedings as "federal," Castillo v. McFadden, 370 F.3d 882, 886 (9th Cir. 2004); Baldwin v. Reese, 541 U.S. 27 (2004), and allege facts showing a right to relief. Gray v. Netherland, 518 U.S. 152, 162-63 (1996); Kelly v. Small, 315 F.3d 1063, 1066 (9th Cir. 2003). State appellate courts are "not required to comb the trial court's decision to discover" the federal issue. Castillo, 370 F.3d at 887.

Furthermore a petitioner must present the federal claims in a procedural context in which their merits will be considered. Castille v. Peoples, 489 U.S. 346, 351-52 (1989) (claim not fairly presented when raised for the first time on petition for review to state Supreme Court); Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994) (failure to exhaust because claim was presented in a procedurally defective manner); see also, Turner v. Compoy, 827 F.2d 526, 529 (9th Cir. 1987), cert. denied, 489 U.S. 1059, (if a state "mandates a particular procedure to be used to the exclusion of other avenues of seeking relief, the correct avenue must be fully exhausted).

Accordingly, a federal claim is "fairly presented to the state courts only if it was (1) properly presented to the state's supreme court, (2) as a federal question, (3) in the

appropriate petition or brief, and (4) in the proper procedural context so that its merits would be considered.

If a petitioner does not fairly present his federal claims in state court, and can no longer do so because they are procedurally barred under state law, the claims are technically exhausted. Coleman v Thompson, supra; Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). In such cases, the claims are procedurally defaulted in federal court because they were not *properly* exhausted, O'Sullivan, 526 U.S. at 848, and federal habeas review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice, or demonstrate that the failure to consider the claims will result in a miscarriage of justice." Wainwright v. Sykes, 433 U.S. 72 (1977); Noltie v. Peterson, 9 F.3d 802, 804-05 (9th Cir. 1993);

"'Cause' is a legitimate excuse for the default and 'prejudice' is actual harm resulting from the alleged constitutional violation." Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991).

"Cause" exists only where there is a showing that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rules." Murray v. Carrier, 477 U.S. 478, 488 (1986). The fact that trial counsel failed to recognize the factual or legal basis of the claim does not excuse a default. Id. at 486. Nor does an ineffective assistance of counsel claim constitute "cause" for

5 - ORDER

the default if the ineffective-assistance claim was, itself, defaulted. Edwards v. Carpenter, 529 U.S. 446, 450-51 (2000).

Since no constitutional right to counsel exists on a collateral proceeding, the failure to provide effective assistance at such proceedings does not constitute "cause" sufficient to relieve a default. Coleman, 501 U.S. at 572.

"Prejudice" exists only if "actual and substantial disadvantage" resulting form the procedural default is shown. U.S. v. Frady, 456 U.S. 152 (1982). It is not enough to demonstrate the mere possibility of prejudice. Actual prejudice must be demonstrated. Id.

In the extraordinary case, cause for procedural default may be established by demonstrating a "fundamental miscarriage of justice," Coleman, 501 U.S. at 750, resulted in a "constitutional violation [that] probably resulted in the conviction of one who is actually innocent." Murray v. Carrier, 477 U.S. 478, 496 (1986); Noltie, 9 F.3d at 806.

Petitioner's Ground One (a) alleges that there was insufficient evidence to find him guilty of kidnapping because his actions did not meet all the elements necessary to constitute that crime. This is the type of trial-court-error that should have been raised at petitioner's trial and direct appeal. See, Palmer v. State of Oregon, 318 Or 352, 356-58 (1994).

Petitioner did not appeal his conviction. Thus he did not "fairly present" this issue to Oregon's highest court. Even

6 - ORDER

if petitioner's post-conviction pleading can be liberally construed as raising this claim, see, Exhibit 132, p. 4 (Part B of petitioner's Balfour brief on appeal), it was not raised in a procedural context in which it would be considered by the court. Id.

In Ground Two (b), petitioner alleges that trial counsel was deficient for failing to raise issues concerning prosecutorial misconduct.

Although petitioner raised claims of ineffective assistance of counsel in his post-conviction proceeding, he did not raise this particular allegation of ineffective assistance of counsel in his PCR brief to the Oregon Court of Appeals, Exhibit 132, or petition for review by the Oregon Supreme Court. Exhibit 134.[1] Ineffective assistance of counsel claims are discrete and each particular or specific allegation of ineffectiveness must be properly exhausted. See, Carriger v. Lewis, 971 F.2d 329, 333-34 (9th Cir. 1992) (en banc).

Petitioner did not "fairly present" the claims alleged in Grounds One (a) and Ground Two (b) to Oregon's Supreme Court and is now procedurally barred from filing any additional appeals or PRC proceedings. Petitioner has not established any cause and prejudice for his failure to exhaust these claims in state court or that his convictions resulted in a "fundamental miscarriage of justice" because he

---

[1] Petitioner alleged prosecutorial misconduct in his PCR appeal brief but he did not argue that his attorney was ineffective for failing to object to the alleged misconduct.

7 - ORDER

is actually innocent. Accordingly the claims alleged in Ground One (a) and Two (b) are not properly before this court.

Even if petitioner had exhausted state remedies with respect to these claims, they are without merit.

In Ground One (a) petitioner alleges that the trial court had insufficient evidence to convict him of kidnapping because his actions did not satisfy the elements of that crime. However, petitioner **admitted** to the elements of the crime of kidnapping in the stipulated plea agreement. See, Exhibit 104, Transcript of Proceedings - Plea and Sentencing, and Exhibit 101 - Judgment/Factsheet.

A month after petitioner conviction and several days after his judgment was entered, the Oregon Supreme Court held in State v. Wolleat, 338 Or. 469 (2005), that moving a victim from one room to another (approximately 15 - 20 feet) was insufficient by itself to establish intent to interfere substantially with a person's personal liberty.

Even if Wolleat applied retroactively,[2] it is factually distinguishable from petitioner's case. There was abundant evidence at petitioner's trial that he acted in several ways that demonstrated a clear "intent to interfere substantially" with the victim's personal liberty. State v. Walch, __P.3d__, 2009 WL2046489 (Or.) (July 16, 2009).

---

[2]Wolleat was announced after petitioner's judgment and sentence was entered and does not meet the criteria for retroactivity set forth in Teague v. Lane, 489 U.S. 288 (1989)

8 - ORDER

In Ground One (b) and Ground Two (a) - (d), petitioner alleges that his trial counsel violated his Sixth Amendment right to effective assistance of counsel by failing to investigate, raise issues, and advise petitioner in various ways.

Petitioner's federal habeas petition was filed after April 24, 1996, and is therefore governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. Woodford v. Garceau, 538 U.S. 202, 210 (2003). Under AEDPA, habeas relief may be granted only when a state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented at the state court proceedings." 28 U.S.C. § 2254(d); Wiggins v. Smith, 539 U.S. 510, 520 (2003).

A state court's decision is "'contrary to' federal law if it fails to apply the correct controlling Supreme Court authority or comes to a different conclusion ... [from] a case involving materially indistinguishable facts." Pirtle v. Morgan, 313 F.3d 1160, 1167 (9th Cir. 2002) (citing Bell v. Cone, 535 U.S. 685, 694). The Supreme Court has held that "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." Williams v. Taylor, 529 U.S. 362, 409 (2000).

9 - ORDER

"[I]t is past question that the rule set forth in Strickland, qualifies as 'clearly established Federal law, as determined by the Supreme Court of the United States.'" Williams v Taylor, supra at 391. Under Williams, a petitioner may therefore be granted habeas corpus relief on a claim of ineffective assistance of counsel only if the decision of the state court was contrary to, or an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

Under Strickland, a claim that counsel's assistance was so ineffective as to require reversal of a conviction has two components. First, the petitioner must show that counsel's performance was deficient; second, the petitioner must show that the deficient performance prejudiced the defense. Id. at 687.

The first prong of the Strickland test required the petitioner to demonstrate that "counsel's representation fell below an objective standard of reasonableness. Strickland, supra at 688. The second component of the test requires the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., at 694. A "reasonable probability" is one that is sufficient to undermine confidence in the outcome." Id.

In order to satisfy the prejudice requirement in the context of a plea agreement, the petitioner must demonstrate that there is a "reasonable probability that, but for

counsel's errors, he would have not pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 58-59 (1985). In plea agreement cases, the "resolution of the 'prejudice' inquiry will depend largely on whether [an] affirmative defense likely would have succeeded at trial. Id. at 59.

In Bell v. Cone, 535 U.S. 685 (2002), the Court reiterated that when considering ineffective assistance of counsel claims:

> [J]udicial scrutiny of a counsel's performance must be highly deferential and that every effort [must be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Thus, even when a court is presented with an ineffective assistance claim not subject to § 2254(d)(1) deference, a defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.

Bell, 535 U.S. at 695 (citations and quotations marks omitted).

When considering ineffective assistance of counsel claims under 28 U.S.C. § 2254(d), "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner." Woodford v. Visciotti, 537 U.S. 19, 25 (2002) (per curiam).

In Ground One (b) petitioner alleges that counsel performed deficiently by failing to investigate and advise petitioner of the elements of kidnapping.

The post-conviction court considered a similar claim and

11 - ORDER

found that <u>Wolleat</u> had not been decided until after petitioner's "plea deal was cut" so trial counsel "couldn't have known about it ... so that doesn't get you any place. Exhibit 130, Transcript of PCR proceeding, at 6.

The PCR court's decision denying relief on this claim is entitled to deference and is correct for the reasons discussed above. "<u>Strickland</u> does not mandate prescience," and a court "cannot require that an attorney anticipate a decision in a later case." <u>Losh v. Hill</u>, No. CV 07-317-PK, 2009 WL 1089478 at *6 (D. Or. April 20, 2009).

In Ground Two (a), petitioner alleges that counsel was ineffective for failing to adequately investigate the facts surrounding petitioner's case. Petitioner has not specified in this proceeding what he claims counsel should have investigated, but based on the arguments in petitioner's PRC brief it is probably that petitioner is referring to an investigation of the victim's psychological background. See Exhibit 132.[3]

Petitioner's apparent argument that his actions were to prevent the victim from harming herself during a psychotic episode is not convincing in light of the actions petitioner pleaded guilty to. Whatever the victims mental state, petitioner's actions of dragging. threatening, and choking the

---

[3]Petitioner conceded in his PCR deposition that trial counsel and his investigator questioned the bartender (witness) and reviewed the police reports. Exhibit 126, Deposition of Ryan Greenfield, at 8-12.

12 - ORDER

victim to unconsciousness can hardly be considered actions of a person trying to assist another.

In denying relief on petitioner's claim that counsel should have investigated the victim's psychological background, the PCR trial court found that "there is no proof of that from what that would have produced so that claim fails." (sic) Exhibit 130, Transcript of PCR at 6. The PRC finding in this regard is entitled to deference under §2254(d)(1). Petitioner has not established any facts that counsel might have discovered by an investigation of the victim's psychological background that could have been exculpatory under the record before the court.

In Ground Two (b) petitioner claims that his counsel was ineffective for failing to raise issues of prosecutorial misconduct. As discussed above, this claim was procedurally defaulted because petitioner did not raise it in his PCR appeal and it is not properly before the court. Moreover, petitioner has not alleged (in this proceeding) the nature of the prosecutorial misconduct he contends counsel should have objected to.

In Ground Two (c) petitioner alleges that his trial counsel did not "properly advise petitioner what he was waiving when he waived his right to trial." Amended Petition (#20), p. 7. This claim is similar to the claim alleged in petitioner's second claim for relief, paragraph 8(d) of his

13 - ORDER

PRC petition.[4] The PRC court finding of no error on this claim is entitled to deference and is supported by the plea colloquy which establishes that petitioner was properly advised of the maximum sentence he faced, and all the trial rights he waived by pleading guilty.

A plea is valid if it represents a voluntary and intelligent choice among alternative courses of action open to the defendant. Hill v. Lockart, 474 U.S. 52, 56 (1985). When a plea is subsequently challenged in a collateral proceeding, "s]olemn declarations in open court carry a strong presumption of verity." Blackledge v. Allision, 431 U.S. 73, 74 (1977).

In this case, the trial court questioned petitioner regarding his guilty plea. Exhibit 104, Transcript of Proceedings - Plea and Sentencing, at 2-4. Petitioner testified that he understood what he was waiving, that no one had threatened him to force him to accept the plea, and that he felt his legal advice had been satisfactory. Id.

I agree with the PCR finding that even if petitioner's counsel painted a "hopeless situation," petitioner "was in a pretty hopeless situation and it is a lawyer's duty to make sure that [petitioner] understood that because he was facing a lot of time." Exhibit 130, Transcript of PRC Proceedings, at 6. The record reflects that petitioner was informed of the consequences of his plea in open court and acknowledged that

---

[4]In his PCR petition petitioner alleged that his counsel "coerced" him into going to trial by painting a "hopeless situation." Exhibit 105, p. 4.

14 - ORDER

it was knowing and voluntary. Petitioner specifically acknowledged that he "[paid] attention" to the "fourth paragraph [of the plea agreement] which sets out the rights that [he was] giving up or waiving in this matter." Exhibit 104, p. 2. Accordingly, petitioner's claim that his attorney "did not properly advise him of what he was waiving" is controverted by the record before the court and is without merit.

In Ground Two (d), petitioner alleges that counsel performed deficiently by improperly advising petitioner regarding the terms of the plea deal.

Part of the plea agreement was that petitioner would receive credit for time served. Exhibit 129, Affidavit of Gregory Scholl. The trial court and the prosecution agreed to this term and none of the parties knew that the Department of Corrections would refuse to uphold this term of the agreement. Id.

However, because petitioner was on post-prison supervision, the Department of Corrections declined to give him credit for 105 days of time he had spent in the Washington County Jail awaiting trial. Petitioner's counsel acknowledges he gave incorrect advice concerning the credit petitioner would receive for time served. Ex. 129.

Assuming *arguendo* that counsel's incorrect advice satisfies the deficient performance prong of the Strickland test, petitioner cannot establish the prejudice prong because

15 - ORDER

the post-conviction court granted relief on petitioner's claim by way of an order that gave him 105 days credit on his sentence. Exhibit 131, Judgment Modifying the Judgment of Conviction and Sentence. Accordingly, petitioner was not prejudiced by his counsel's incorrect advice and in any event his claim for sentence credit is moot because he has already received such credit.

Based on the foregoing, petitioner's Amended Petition (#20) is denied. This proceeding is dismissed.

IT IS SO ORDERED.

*The court certifies that the petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253( (c) (2). This cause is not appropriate for appellate review.*

DATED this 8 day of December, 2009.

Ann Aiken
United State District Judge

16 - ORDER